**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| ROGERS, KEITH T. | ) | |
| KATICH-ROGERS, SHARI J. | ) | CASE NO. 05-56918 |
| | ) | |
| | ) | JUDGE MANUEL BARBOSA |
| Debtor(s) | ) | |

**NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON
APPLICATIONS FOR COMPENSATION, AND HEARING ON THE ABANDONMENT
OF PROPERTY BY THE TRUSTEE)**

TO the Debtor(s), Creditors, and other Parties in Interest:

1.　　NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation.  A hearing will be held.

> At:　U.S. BANKRUPTCY COURT
> Kane County Courthouse
> 100 S. 3rd Street, Courtroom 140
> Geneva, IL  60134
>
> on:　**January 3, 2008**
> at:　**10:00 a.m**.

2.　　The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly notices before the Court.  ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3.　　The Trustee's Final Report shows total:

| | |
|---|---|
| a. Receipts | $_____7,520.71 |
| b. Disbursements | $_____2,372.89 |
| c. Net Cash Available for Distribution | $_____5,147.82 |

4.　　Applications for administration fees and expenses have been filed as follows:

| Applicant | | Compensation Previously Paid | Fees Now Requested | | Expenses |
|---|---|---|---|---|---|
| JOSEPH R. VOILAND Trustee | $ | $ | 1,502.07 | $ | |
| JOSEPH R. VOILAND Trustee | $ | $ | | $ | 673.11 |

5.       In addition to the fees and expenses of administration listed above as may be allowed by
         the Court, priority claims totaling $0.00 must be paid in full for there to be any dividend
         to general unsecured creditors.  The priority dividend is anticipated to be 0.00%.

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| | | | |

6.       Claims of general unsecured creditors totaling $10,152.18, have been allowed and will be
         paid *pro rata* only after all allowed administrative and priority claims have been paid in
         full.  The general unsecured dividend is anticipated to be $29.28%.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Allowed Amount of Claim | | Proposed Payment |
|---|---|---|---|---|
| 1 | Pathology Consultants | $ | 445.00 | $ 130.30 |
| 2 | Asset Acceptance LLC | $ | 9,633.33 | $ 2,820.72 |
| 3 | Lane Bryant | $ | 73.85 | $ 21.62 |

7.       Proposed dividends are approximations.  Actual dividends may differ due to interest
         accrual, fee reductions, or as ordered by the Court.

8.       The Trustee's Final Report and all applications for compensation are available for
         inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal
         Courthouse, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois  60604, or may be
         viewed on the Court's web site, *www.ilnb.uscourts.gov*.  If no objections are filed, the
         Court will act on the fee application(s) and the Trustee may pay dividends pursuant to
         Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

9.       Debtor has been discharged.

10.      The Trustee proposed to abandon the following property at the hearing:

         Real Estate (Lot, Dixon, IL) - $4,323.00; Real Estate (224 Banbury, North Aurora, IL) –
         $222,000.00; Cash - $20.00; Checking Account (Old Second) - $1,200.00; Checking
         Account (Kraft Food Credit Union) - $400.00; Household Goods - $500.00; Wearing
         Apparel - $400.00; Guitar & Amplifier - $150.00; Popup Camper - $2,500.00; 401K
         (Husband) - $14,000.00; 401K (Wife) - $12,996.00; 1967 Pontiac GTO - $1,500.00;
         1986 Volvo 740 - $750.00; 1999 Pontiac Montana - $600.00.

         The Trustee seeks abandonment of said assets because they are subject to Debtors'
         valid claim of exemption and/or a duly perfected lien and are of inconsequential value
         to the estate.

Dated:    **December 7, 2007**                    For the Court,

By:   **KENNETH S. GARDNER**
Kenneth S. Gardner
Clerk of the United States Bankruptcy Court
219 S. Dearborn Street, 7th Floor
Chicago, IL  60604